WILL OF CARNEY: CARNEY, Appellant, vs. CARNEY, Respondent.

*May 13—June 5, 1908.*

*Wills: Undue influence: Evidence.*

A finding by the trial court that a will was the product of undue influence on the part of the sole devisee is *held* to be sustained by the evidence.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Miller, Mack & Fairchild,* and oral argument by *A. W. Fairchild.*

*Joseph G. Donnelly,* for the respondent.

WINSLOW, C. J. This is a will contest. The testatrix, Mary E. Carney, a widow somewhat more than seventy years of age, died at her residence in Milwaukee, December 23, 1904, leaving four adult sons surviving, viz., Edward, *George, Frank,* and John. On the 16th day of the previous August she had executed a will leaving all of her property, consisting almost entirely of her homestead in Milwaukee, to

her son *Frank.*   This will was duly presented for probate, and objections were filed thereto by *George* on the ground that the testatrix was not of sound mind and that the will was the result of undue influence.   The will was admitted to probate by the county court, but on appeal to the circuit court that court found in substance that while the deceased was not incompetent to make a will, still that she was so weak-minded and infirm as to be easily susceptible to undue influence, and that her son *Frank* occupied a position of trust and confidence with his mother and did in fact avail himself of his position and dominated her mind and unduly influenced her to execute the will in question in his favor.   Upon these findings of fact the court reversed the order of the county court, and the proponent appeals.

The appeal presents simply the question whether the finding that the will was the product of undue influence on the part of *Frank* is supported by the evidence.   Much of the evidence on this question was circumstantial.   We have carefully examined it and find ourselves unable to say that the finding is against the clear preponderance thereof.   This result necessitates affirmance under familiar and well-settled rules.   No attempt to state the details of the evidence would be useful.

*By the Court.*—Judgment affirmed; contestant's statutory costs in this court to be taxed and paid out of the estate.